UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARY LEE PETERSON, | No. 2:23-cv-00218-DJC-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| ALAMEDA COUNTY SHERIFF DEPT., et al., | |
| Defendants. | |

Plaintiff is a former federal detainee proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), he has filed an application to proceed in forma pauperis (ECF No. 5), a motion for a temporary restraining order (ECF No. 4), and a motion to drop parties (ECF No. 9). The court will grant the in forma pauperis application and address the complaint and accompanying motions.

<u>Leave to Proceed In Forma Pauperis</u>

When plaintiff commenced this action on February 6, 2023 he was confined to the Santa Rita Jail as a federal detainee. ECF No. 1. On April 14, 2023, the court recommended that this action be dismissed based on plaintiff's failure to comply with the court's March 7, 2023 order directing plaintiff to submit a certified trust account statement in support of his application for leave to proceed in forma pauperis. ECF No. 7. On May 1, 2023, plaintiff notified the court that

/////

1

1  he had been released from custody on February 28, 2023, only a few weeks after initiating this
2  action.  ECF No. 8 at 3.
3       Plaintiff's application for leave to proceed in forma pauperis makes the showing required
4  by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted and the
5  April 14, 2023 findings and recommendations are withdrawn.

Motion for Temporary Restraining Order

7       On March 2, 2023, plaintiff filed an "(Emergency) Ex-parte Motion for TRO."  ECF No.
8  4.  On May 1, 2023, plaintiff notified the court that "the need for a TRO . . . is moot."  ECF No. 8.
9  On this basis, the court deems plaintiff's motion for a temporary restraining order withdrawn.

Complaint and Motion to Drop Parties

11       Federal courts must engage in a preliminary screening of cases in which prisoners seek
12  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §
13  1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of
14  the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
15  relief may be granted," or "seeks monetary relief from a defendant who is immune from such
16  relief."  *Id.* § 1915A(b).
17       After plaintiff filed the initial complaint naming eleven defendants (ECF No. 1), he
18  notified the court that he would be filing an amended complaint naming only the Santa Rita Jail
19  and Alameda County Sheriff as defendants.  ECF No. 8 at 1.  Plaintiff stated that "[t]he claims
20  against the other defendants should be voluntarily dismissed."  *Id.*  Plaintiff also filed a motion to
21  drop the nine remaining defendants named in the original complaint and stated that he would be
22  amended his complaint "in a timely manner."  ECF No. 9 at 2.  To date, no amended complaint
23  has been filed.
24       To add, omit, or correct information in the operative complaint, plaintiff must file an
25  amended complaint that does not reference any other filings.  Filing separate documents that are
26  intended to be read together as one is not the proper means of amending or supplementing a
27  complaint.  Accordingly, the motion to drop parties (ECF No. 9) is denied and plaintiff's
28  complaint is dismissed with leave to amend.

<u>Leave to Amend</u>

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George,* 507 F.3d at 607. Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. The April 14, 2023 findings and recommendations (ECF No. 7) are withdrawn;
2. Plaintiff's application to proceed in forma pauperis (ECF No. 5) is granted;
3. Plaintiff's motion for a temporary restraining order (ECF No. 4) is deemed withdrawn;
4. Plaintiff's motion to drop parties (ECF No. 9) is denied; and
5. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date of service of this order and failure to so comply may result in dismissal of this action.

DATED: August 28, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3